793 F.2d 1292
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ALWYN JAMES, Plaintiff-Appellant,
vs.
GULF BROADCAST GROUP, INC., Defendant-Appellee.
 85-3186
 United States Court of Appeals, Sixth Circuit.
 5/2/86
 
 AFFIRMED
 N.D.Ohio
 On Appeal from the United States District Court for the Northern District of Ohio
 BEFORE: MARTIN and GUY, Circuit Judges, and REED, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Alwyn James, appeals from a jury verdict for the defendant in an age discrimination case brought pursuant to the provisions of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 et seq. Two claims of error are made. First, James alleges the trial judge did not properly respond to a question the jury sent out during its deliberations. Second, James alleges that the trial court committed reversible error in not allowing into evidence a newspaper article offered by plaintiff. Finding that Judge Aldrich's response to the jury question was appropriate and that her evidentiary ruling was not an abuse of discretion, we affirm.
 
 I.
 
 2
 On January 4, 1982, James was discharged from his job as the noon to six disc jockey on station WQAL-FM in Cleveland. James, who was 52 years of age at the time of his discharge, had worked for WQAL-FM since 1975. On September 29, 1983, James filed this action claiming that the decision to discharge was based on age. At trial, after the jury was charged and began its deliberations, a note was sent out by the jury to the judge. The note read, 'Can you further explain the meaning of 'determining factor' in the statute? Does it mean the sole determining factor or one or many or several factors?' Judge Aldrich called counsel into chambers and discussed the jury question. It was agreed that since the court's jury instructions dealt specifically with this issue the judge would send back a note reading, 'No. Please refer to the instructions, pages 13 through 15, together with all the other instructions given to you.'[1] Both counsel initialed the court's proposed response to the jury question signifying their approval. These events occurred on a Friday afternoon and, since the weather was bad, the judge had sent the jury home after they sent in their note and before giving them the response.
 
 
 3
 On Monday morning, when trial resumed, plaintiff's counsel had changed his mind and requested the following supplemental instruction in response to the jury question:
 
 
 4
 It is essential for the jury to understand there could be more than one factor in the decision to discharge James and that James is, nevertheless, entitled to recover if one such factor was his age and f, in fact, it made a difference in determining whether James was to be retained or discharged. Age would not have to be the sole reason for James' discharge but only a contributing factor in connection with the discharge.
 
 
 5
 (Appellant's Brief at 7.) The court refused to give the proferred supplemental instruction and submitted the response originally agreed to by counsel. The jury asked no further questions on this subject after receiving the court's response, and ultimately returned a defense verdict.
 
 
 6
 Plaintiff made no objection to the instructions initially given to the jury which were also given to them in written form for their use in the jury room. Those portions of the instructions which relate to what a plaintiff must prove in an age discrimination case, as well as those portions of the instructions dealing with 'determining factor,' clearly comport with this court's holding in Laugesen v. Anaconda Company, 510 F.2d 307 (6th Cir. 1975), and Blackwell v. Sun Electric Corp., 696 F.2d 1176, 1181 (6th Cir. 1983).
 
 
 7
 As long as jury instructions are adequate as a whole, considerable discretion is vested in trial judges in responding to jurors' questions. As the Tenth Circuit stated in Commercial Union Assurance Companies v. Sears, Roebuck and Co., 716 F.2d 606 (10th Cir. 1983):
 
 
 8
 Nevertheless, appellate courts usually defer to the trial judge's discretion regarding matters of trial conduct. Here, for example, the trial judge had an opportunity to observe the jury before and during the trial. His answer to the jury's questions should be presumed to reflect that first-hand knowledge. In fairness, too, it should be noted that the trial judge formulated the instructions and his answer was in accord with Oklahoma law and that he allowed the jury to seek the instructions. Such circumstances are not sufficient to convince us that the jury was unable to understand the applicable law.
 
 
 9
 Id. at 610 (citations omitted).
 
 
 10
 By referring the jurors to their copies of the written instructions at the appropriate pages, the trial court here did give a definitive response to the jury's question. The jury, in essence, asked whether age had to be the sole factor in the discharge or one of many. The jury instructions specifically state that plaintiff meets his burden if one factor in the decision was age. That this answered the question for the jury is further demonstrated by the fact that they sought no further clarification.
 
 
 11
 Jury questions always require delicate and careful handling by the trial judge. Responding to jury questions is not the time for ad libing. Trial judges are mindful at this stage of the proceedings that great care is required that nothing be said out of context which might push the jury in one direction or another. Judge Aldrich was careful to the point where she responded in writing rather than risk the danger of saying something inappropriate in an oral reply. This written response was agreed to initially by both counsel, and it was only as an afterthought that plaintiff's counsel prepared a supplemental instruction. In fact, the very wording of the proposed supplement demonstrates the danger of supplemental instructions. Starting off by saying 'it is essential for the jury to understand' tends to place undue emphasis on this one part of the instructions, when what should be stressed is viewing the instructions as a whole. Where it is possible to answer a jury question by referring them to the originally agreed upon instructions, it is the safest approach. We can find no abuse of discretion in the court's handling of the jury question and the refusal to give the supplemental instruction.
 
 II.
 
 12
 The legitimate business reason articulated by the defendant for the discharge of James was that his rapid fire radio delivery and voice did not fit in with the 'easy listening' format of WQAL-FM. Defendant's witnesses testified that James had been counselled by management on several occasions prior to discharge to charge his style but refused to do so. One of the witnesses called by defendant in support of its defense was John Stolz, who had been a former program director and announcer at WQAL-FM. Although he had not been hired until four months after plaintiff's discharge, he had listened to tapes played in open court of three WQAL-FM announcers, including plaintiff. Stolz testified as to the relative on-air styles of the three. On cross examination of Stolz, plaintiff's counsel sought to introduce a February, 1984, issue of Cleveland Magazine which contained an article by Ken Gottlieb dealing with the popularity of 'easy listening' stations in the Cleveland area. One of the persons interviewed for this article was Stolz. In the course of the interview, Stolz was quoted as allegedly saying of a competitor, '[t]hat's my only rap against Ted, he talks a little too much sometimes. He sounds like an old man.'
 
 
 13
 In arguing to the trial court for admission into evidence of this article, plaintiff's counsel stated:
 
 
 14
 Now, I think that's important to show the mentality of the management at WQAL when Gulf owned the station. They do not want their announcers to sound like an old man. And I think it's reflective of the type of management that fired Al James. I would like to introduce it into evidence.
 
 
 15
 (App. 94-95.)
 
 
 16
 The standard for reviewing a trial judge's evidentiary rulings is that set forth in TCP Industries Inc. v. Uniroyal, Inc., 661 F.2d 542, 550 (6th Cir. 1981): 'No error in the admission or exclusion of evidence is ground for reversal or granting a new trial unless refusal to take such action appears to the court to be inconsistent with substantial justice.' (Citations omitted.)
 
 
 17
 Here, we need not reach the question of the effect of an erroneous evidentiary ruling because we agree with the trial judge that the magazine was properly excluded. Plaintiff's counsel argued that he wanted to show 'the mentality of the management at WQAL' when plaintiff was discharged. To say that the magazine article would have been tenuous proof of this is to elevate its relevancy to a height greater than deserved. The statement was made over two years after James was discharged. furthermore, it was made by a person not even in the employ of the defendant until four months after plaintiff's discharge. This alone is enough to keep it out of evidence. It was simply not probative of any fact in issue.[2]
 
 
 
 *
 Honorable Scott Reed, United States District Judge, Eastern District of Kentucky, sitting by designation
 
 
 [1]
 The pertinent parts of the court's instructions are as follows:
 In order to prove age discrimination, James must prove each of the three elements of age discrimination by a preponderance of the evidence. The three elements . . . are . . . (3) That age was a determining factor in Gulf Broadcast's decision to discharge James. In other words James must prove that he was discharged because of his age, that is, that his age must have made a difference at the time that the decision to discharge him was made.
 * * *
 If you believe that James has established by a preponderance of the evidence that age was a factor in the decision to discharge him, Gulf Broadcast must then articulate a legitimate, non-discriminatory reason for the discharge. If you conclude that Gulf Broadcast did articulate such a reason, James may produce evidence to show that the reason was a mere pretext for discrimination. If James proves, by a preponderance of the evidence, that the business reasons articulated by Gulf Broadcast were pretexts for discrimination, you should find for James.
 If, however, James does not prove that those reasons were pretexts, you should find for Gulf Broadcast.
 In other words, if James proves by a pre-ponderance of all of the evidence that his age was a determining factor in the decision to discharge him, then you should return a verdict for James. On the other hand, if James had not proved that his age was a determining factor in Gulf Broadcast's decision to terminate him, then you should return a verdict for Gulf Broadcast.
 * * *
 James has the burden of proving that, regardless of Gulf Broadcast's stated reasons for his discharge, the determining factor was James' age. James' burden is met if he establishes that one factor in the decision was his age, and further that the age factor made a difference in Gulf Broadcast's decision.
 Appendix at 138-140 (emphasis added).
 
 
 [2]
 Additionally, no trial foundation was laid for the article's introduction. Gottlieb was not called, and Stolz, at trial, was asked nothing about the article as a predicate to its introduction. Also, in context, the statement is ambiguous at best